**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
**Christopher K. Dolan**, OSB #922821
chris.dolan@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Drive, 6th Floor
Lake Oswego, OR  97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Plaintiff Easterday Dairy, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| EASTERDAY DAIRY, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FALL LINE CAPITAL, LLC, a Delaware limited liability company; CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE, TRESPASS RECSISSION, BREACH OF CONTRACT AND DAMAGES<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, EASTERDAY DAIRY, LLC, a Washington

limited liability company, ("Plaintiff") by and through its attorneys of record,

Page 1 –   COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

Russell D. Garrett, Daniel L. Steinberg, and Christopher K. Dolan of Jordan Ramis PC, and for its causes of action against Defendants, FALL LINE CAPITAL, LLC, a Delaware limited liability company; CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company; hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

Defendants, FALL LINE CAPITAL, LLC, a Delaware limited liability company; CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company ("Defendants"), are Delaware limited liability companies that are authorized to do business and are doing business in the State of Oregon.

1.

Plaintiff, Easterday Dairy, LLC, is a Washington limited liability company and is domiciled in the State of Washington.

2.

This Court has original diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1331, because this case involves questions of federal law and pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendants, and the damages in this case exceed the sum or value of $75,000.00, exclusive of interest or costs.

Page 2 –   COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

3.

For purposes of diversity jurisdiction, on information and belief Defendants, or their members, are citizens of Delaware or Maryland and Plaintiff's members are citizens of Washington.  Accordingly, there is complete diversity between Defendants and Plaintiff.

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because the Property that is the subject of this action is located in this judicial district.

5.

Upon information and belief, Canyon Farm and Canyon Farm II are exclusively controlled by Fall Line.  Fall Line, Canyon Farm, and Canyon Farm II shall be collectively referred to as "FCC".

## FACTUAL BACKGROUND

1.

Upon information and belief, on or about March 31, 2017, Greg te Velde owned real property located in Morrow County, Oregon comprising of several thousand acres, and which was generally known as the "Lost Valley Farm."  At that time, the Oregon Department of Agriculture ("ODA") and the Oregon Department of Environmental Quality ("DEQ") (jointly "State of Oregon") issued

Page 3 –   COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

Confined Animal Feeding Operation ("CAFO") Permit  No. OR995129 ("Existing

CAFO Permit") to Mr. te Velde, which permitted the operation of a dairy facility

("dairy") on a portion of the Lost Valley Farm that would later be known as the

"Dairy Parcel."  A true and correct copy of the Existing CAFO Permit is attached

hereto as Exhibit 1, and by this reference, incorporated herein.  The Existing

CAFO Permit included by reference an Animal Waste Management Plan

("AWMP").  The AWMP is the facility specific, and State of Oregon approved,

plan for management practices to control pollutants (as defined in 40 C.F.R §

122.2 and OAR 340-045-0010(17)) on property subject to the CAFO.  In this case,

the AWMP applies to the entire Lost Valley Farm.  A true and correct copy of a

portion of the AWMP is attached hereto as Exhibit 2, and by this reference,

incorporated herein.

2.

Upon information The CAFO is governed by the Federal Clean Water Act,

Title 33 United States Code Section 1251 *et seq*., as well as the National Pollutant

Discharge Elimination System (NPDES) program, Oregon Revised Statutes

Chapter 468B, Oregon Administrative Rules, Chapter 340, Divisions 40, 45, and

51, and Chapter 603, Division 74.  The CAFO is monitored by the ODA and DEQ

.

Page 4 –   COMPLAINT FOR DECLARATORY
           JUDGMENT, QUIET TITLE AND
           DAMAGES

3.

In accordance with Oregon's Groundwater Quality Protection Act of 1989, the DEQ and the ODA declared the Lower Umatilla Basin a Groundwater Management Area ("LUBGWMA") in 1990. This area encompasses Northern Morrow and Umatilla counties including Hermiston, Boardman, Irrigon, Stanfield, and Echo, Oregon.  The Lost Valley Farm lies within the boundaries of the LUBGWMA.  The Existing CAFO Permit and AWMP contain special provisions, terms, and conditions that are specific and directly related to the location of the Lost Valley Farm within the boundaries of the LUBGWMA.

4.

Upon information and belief, Mr. te Velde failed to comply with the terms of the Existing CAFO Permit, resulting in the ODA issuing a notice of revocation. Mr. te Velde filed a bankruptcy and the appointed bankruptcy trustee took over management of the dairy.  The bankruptcy trustee reached an agreement with the ODA, entered into the Order and Mutual Agreement, OAH Case No. 2018-abc-02014 (the "OMA") which supplemented the then existing CAFO Permit to remove all animals from the Dairy Parcel, amended the AWMP, and began remediation and cleanup work on the Dairy Parcel and Farm Parcel (hereinafter defined in Paragraph 9 below).  A true and correct copy of the OMA is attached hereto as Exhibit 3 and by this reference, incorporated herein.  The CAFO, OMA,

Page 5 –   COMPLAINT FOR DECLARATORY
            JUDGMENT, QUIET TITLE AND
            DAMAGES

AWMP, and related documents (collectively the "Permit Documents"), are all binding on the bankruptcy trustee's successors and assigns. The Permit Documents require decommissioning in the event the CAFO is terminated or revoked. The Permit Documents require that decommissioning be completed to the satisfaction of ODA. The decommissioning costs are unknown but believed to be in excess of $5,000,000.00. The actual costs depend on the satisfaction standards that ODA would apply, the amount of material that would have to be removed (which cannot be known until decommissioning is completed), and whether material could be land applied or would have to be exported.

5.

The appointed bankruptcy trustee further determined that it was in the best interest of the te Velde bankruptcy estate to sell the Lost Valley Farm. The Lost Valley Farm was sold to Canyon Farm subject to the Existing CAFO and OMA on or about March 1, 2019. As part of that sale, the bankruptcy trustee and Canyon Farm entered into a post-closing agreement. A true and correct copy of the Post Closing Agreement is attached hereto as Exhibit 4, and by this reference, incorporated herein.

6.

Following Canyon Farm's acquisition of the Lost Valley Farm, Canyon Farm petitioned Morrow County to partition the Lost Valley Farm property into

two parcels.  On or about April 30, 2019, Morrow County approved a property line adjustment, and the Lost Valley Farm was divided into two adjacent parcels, the 736 acre "Dairy Parcel" (where the dairy facility is located) and the 6,542 acre "Farm Parcel."

7.

On or about March 1, 2019, prior to final approval of the property line adjustment, Canyon Farm conveyed to Canyon Farm II a portion of the Lost Valley Farm property (hereinafter, the "Farm Parcel").  The legal description of the Farm Parcel is as set forth in the *Special Warranty Deed* filed with the Morrow County Recorder under Recorder's No. 2019-43795.

8.

On or about March 1, 2019, prior to final approval of the property line adjustment, Canyon Farm entered into a commercial lease of the Farm Parcel with Easterday ("Farm Lease").  On or about May 2, 2019, Easterday assigned its rights and obligations under the Farm Lease to Easterday Farms, a Washington general partnership.

9.

On or about January 18, 2019, Easterday entered into a Purchase and Sale Agreement ("PSA") (which was amended on March 1, 2019), with Canyon Farm

Page 7 –    COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

for the purchase of the remaining portion of the Lost Valley Farm property (hereinafter, the "Dairy Parcel") for a total price of $16,000,000.00, which was wholly seller financed. True and correct Copies of the original and amended sale agreement (omitting some attachments) are attached hereto as Exhibit 5, and by this reference, incorporated herein.

10.

The loan agreement between Easterday Dairy and Canyon Farm was evidenced by a promissory note in the amount of $16,000.000.00, with annual principal payments of $2,666,666.67 plus interest, and secured by a Trust Deed against the Dairy Parcel and other related loan documents (collectively the "Loan Documents"). As of the date of this complaint, Easterday Dairy has paid $10,541,560.94, has never been declared in monetary default and owes a remaining principal balance of $8,000,000. True and correct copies of the Promissory Note and the Deed of Trust (collectively, the "Loan Agreement") are attached hereto as Exhibits 6 and 7, respectively, and by this reference incorporated herein.

11.

On or about May 29, 2019, Canyon Farm conveyed to Easterday the Dairy Parcel pursuant to the terms of the PSA. The legal description of the Dairy Parcel is as set forth in the *Statutory Special Warranty Deed* filed with the Morrow

Page 8 –   COMPLAINT FOR DECLARATORY
           JUDGMENT, QUIET TITLE AND
           DAMAGES

County Recorder under Recorder's No. 2019-44246, a true copy of which is attached hereto as Exhibit 8, and by this reference, incorporated herein.

12.

In acquiring the Dairy Parcel, Easterday intended to secure a future CAFO permit (the "Future CAFO") from the state of Oregon which would allow for the return of animals and resumption of dairy operations on the Dairy Parcel.

13.

Canyon Farm and Canyon Farm II knew that Easterday intended to secure the Future CAFO and operate a Dairy on the Dairy Parcel.

14.

In conjunction with the purchase of the Dairy Parcel, agreeing to the Farm Lease, and in furtherance of Easterday's plan to secure the Future CAFO, Easterday agreed to an appurtenant easement (the "Easement") with Canyon Farm and Canyon Farm II burdening the Farm Parcel and benefitting the Dairy Parcel. The explicit purpose of the Easement was to allow Easterday to comply with the terms of the Existing CAFO Permit while operating under the Post Closing Agreement and upon its ultimate transfer from the bankruptcy trustee to Easterday, and to ultimately obtain the Future CAFO that would allow Easterday to operate the dairy facilities which it had purchased from Canyon Farm. The operative

provisions of the Easement, a true copy of which is attached hereto as Exhibit 9

and by this reference incorporated herein, provided in part:

> F.    Grantee acquired the Benefitted Property from
> Grantor with the intention of operating a CAFO thereon
> under the Existing CAFO Permit or under new Approvals
> governing the future operation of a CAFO on the
> Benefitted Property (as such Approvals may be amended,
> modified, supplemented, restate, or replaced,
> collectively, the **"Future CAFO Permit").** The CAFO
> cannot be operated without this Agreement. Accordingly,
> Grantee acquired the Benefitted Property from Grantor
> subject to and conditioned upon the execution, delivery,
> recordation, and enforceability of this Agreement
> regardless of (i) whether the Existing CAFO is revoked
> or is otherwise terminated and (ii) when the Future
> CAFO Permit may be issued.

> * * *

> 1.    <u>Binding Effect.</u> Grantor and Grantee acknowledge
> and agree that the Burdened Property is and shall be
> subject to the Existing CAFO Permit and/or Future
> CAFO Permit, as applicable, for the benefit of the
> Benefitted Property. Accordingly, Grantor grants to
> Grantee an easement to access and use the Burdened
> Property for the purpose of delivering and applying
> liquid and solid nutrients generated by the CAFO and for
> all other purposes and obligations to which the Burdened
> Property may be subject in accordance with the Existing
> CAFO Permit and, if and as applicable, the Future CAFO
> Permit.

> 2.    <u>Limitations.</u> The Grantor covenants and agrees not
> to . . . (c) enter into any other agreements or
> arrangements or suffer or participate in any activities or
> proceedings the effect of which would avoid or limit the
> applicability of this Agreement and the Existing CAFO

55405-80200 4887-4303-9015.3

Permit and/or Future CAFO Permit on or to the Burdened
Property.

3.    Term. This Agreement is effective as of the
Effective Date and shall remain in effect until the latest
of the following: (a) the Existing CAFO is revoked or is
otherwise terminated (excluding, however, revocation or
termination of the Existing CAFO Permit in connection
with the assignment or transfer of the Existing CAFO
permit to a successor operator of the CAFO) and no
application for a Future CAFO Permit is then pending,
(b) an application for a Future CAFO Permit has been
denied and one subsequent application for a Future
CAFO Permit has not been filed within 180 days
following denial of the prior application for a Future
CAFO Permit, (c) a second application for a Future
CAFO Permit has been denied, or (d) a Future CAFO
Permit is revoked or is otherwise terminated (excluding,
however, revocation or termination of the Future CAFO
Permit in connection with the assignment or transfer of
the Existing CAFO permit to a successor operator of the
CAFO).

15.

On or about April 6, 2020, the state of Oregon approved the transfer of the

Existing CAFO Permit and OMA from Mr. te Velde to Easterday.

16.

On April 26, 2021, Canyon Farm II forced Easterday to agree to an *Amended*

*and Restated Easement* (the "Amended and Restated Easement"), amending the

Easement.  A true and correct copy of the Amended and Restated Easement is

attached hereto as Exhibit 10 and by this reference, incorporated herein.  The

Page 11 – COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

Amended and Restated Easement is also appurtenant and provides in pertinent part:

> 1.    <u>Binding Effect.</u> Grantor and Grantee acknowledge and agree that the Burdened Property is and shall be subject to the Existing CAFO Permit, OMA and/or Future CAFO Permit, as applicable, for the benefit of the Benefitted Property. Accordingly, Grantor grants to Grantee an easement to access and use the Burdened Property for the purpose of delivering and applying liquid and solid nutrients generated by the CAFO and for all other purposes and obligations to which the Burdened Property may be subject in accordance with the Existing CAFO Permit and, if and as applicable, the Future CAFO Permit.

> 2.    <u>Limitations.</u> The Grantor covenants and agrees not to . . . (c) enter into any other agreements or arrangements or suffer or participate in any activities or proceedings the effect of which would avoid or limit the applicability of this Agreement and the Existing CAFO Permit and/or Future CAFO Permit on or to the Burdened Property.

> 3.    <u>Term.</u> This Agreement is effective as of the Effective Date and, if the Future CAFO Permit is not issued to Grantee on or before December 31, 2022, this Agreement will automatically expire and terminate without the need for any further action by either party. . . .. At the expiration of the term, Grantor will have the right to record an instrument to confirm the expiration and termination of this Agreement without the consent or joinder of Grantee.

/ / /

/ / /

/ / /

/ / /

Page 12 –   COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

17.

At the time Easterday and Canyon Farm II entered into the *Amended and Restated Easement,* Easterday and Canyon Farm II believed that Easterday would be able to secure the Future CAFO on or before December 31, 2022.

18.

On or about March 25, 2021, the Farm Lease was terminated.  Canyon Farm II later purportedly entered into a new commercial lease of the Farm Parcel with Walther Farms, LLC, a Michigan limited liability company in late 2021. The Permit Documents require detailed reporting on all property subject to the CAFO, including the Farm Parcel.  Since Walther Farms began farming the Farm Parcel, Canyon Farm II (upon information and belief, acting at the direction of Fall Line), has failed and refused to provide Easterday with necessary reporting information, to provide necessary reporting information in a timely manner, and periodically refused Easterday access to the Farm Parcel, all of which is required for Easterday to comply with the Permit Documents.

19.

On or about July 20, 2021, plaintiff filed its pending application for a Future CAFO.  As of the filing of this Complaint, the application is pending before the applicable state of Oregon agencies.

20.

On March 1, 2022, immediately after Canyon Farm received its $3,343,647.37 annual payment, and Easterday sent confirmation of the payment to

55405-80200 4887-4303-9015.3

Fall Line, Canyon Farm II, together with Walther Farms, initiated litigation against Easterday in the matter of *Canyon Farm II, LLC, et. al. v. Easterday Dairy, LLC*, Morrow County Case No. 22CV07356 ("Easement Proceeding") in which Canyon Farm sought a judgment rescinding the Amended and Restated Easement, or in the alternative, a declaratory judgment declaring the parties' rights under the Amended and Restated Easement.

21.

Upon information and belief, the Easement Proceeding was filed in bad faith with the intent of hindering and delaying Easterday's ability to obtain the Future CAFO.  Upon information and belief, the Easement Proceeding was instigated at the direction of Fall Line.

22.

As desired by Fall Line, Canyon Farm, and Canyon Farm II (collectively "FCC"), the state of Oregon has determined that it will not complete processing and issuing Easterday's application for the Future CAFO so long as the Easement Proceeding remained an open case with the Morrow County Circuit Court.  In response to the complaint, Easterday filed a motion to dismiss the complaint because it failed to include necessary parties.

/ / /

/ / /

Page 14 –  COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

23.

On or about June 2, 2022, Jonathan Septer, Esq. drafted a document titled "Notice and Termination of Amended and Restate Easement" (the "Unauthorized Termination"). Upon information and belief, on June 7, 2022, Jonathan Septer caused the Unauthorized Termination to be recorded in the real property records of Morrow County, Oregon. A true copy of the recorded Unauthorized Termination is attached hereto as Exhibit 11.

24.

Upon information and belief, when he caused the Unauthorized Termination to be recorded in the real property records, Jonathan Septer was working with, or on behalf of, FCC.

25.

After the Unauthorized Termination was recorded, Canyon Farm II and Walther Farms, rather than adding the necessary parties, filed a Notice of Dismissal in the Easement Proceeding.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE AND DAMAGES

## FIRST CLAIM FOR RELIEF

### Against Canyon Farm II, LLC

### (Rescission of Amended and Restated Easement)

26.

Plaintiff incorporates paragraphs 1 through 25 as though fully set forth herein.

27.

At all times, Easterday and defendants Canyon Farm and Canyon Farm II understood that the *Easement* burdening the Farm Parcel was necessary for Easterday to comply with the terms and conditions of the Clean Water Act, as stated in the Existing CAFO Permit, OMA, and AWMP and to obtain the Future CAFO.

28.

At all times, FCC understood that Easterday would not have purchased the Dairy Parcel, applied for and accepted transfer of the CAFO, nor entered into the Loan Agreement without the *Easement*.

29.

Every contract includes an implied duty of good faith and fair dealing.

30.

Defendants FCC have materially and substantially breached their duty of good faith and fair dealing implied within the PSA and the Loan Agreement, and defendants Canyon Farm and Canyon Farm II have materially and substantially breached the Easement and the Amended and Restated Easement in one or more of the following particulars:

(a)    By initiating the Easement Proceeding in bad faith, defendant Canyon Farm II has prevented, and will continue to prevent Easterday from acquiring a Future CAFO before December 31, 2022, at which time the Amended and Restated Easement allegedly expires.  As a result, Easterday will be unable to secure a Future CAFO and will be unable to resume dairy operations as explicitly intended by the parties.

(b)    By refusing or otherwise failing to provide Easterday with necessary information, in a timely manner, and refusing Easterday access to the Farm Parcel, defendants Fall Line and Canyon Farm II are further jeopardizing Easterday's ability to comply with the Existing CAFO Permit or to secure a Future CAFO before December 31, 2022.

31.

Easterday has performed all conditions precedent or is otherwise excused.

Page 17 – COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

32.

Easterday is entitled to a judgment of recission of the Amended and Restated Easement and reinstating the Easement.

## SECOND CLAIM FOR RELIEF

### Against Fall Line and Canyon Farm II, LLC

### (Trespass)

33.

Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.

Both Fall Line and Canyon Farm II have allowed or caused trespass onto Easterday's property by farming approximately five acres without consent.

35.

The Trespass is continuing and has interfered with Easterday's exclusive rights of possession, custody and control of its real property.

36.

As a result of the trespass, Easterday has been damaged in the amount of $8,700.00 as of the date of this Complaint and will prove the total damages from the continuing trespass at trial.

55405-80200 4887-4303-9015.3

## THIRD CLAIM FOR RELIEF

### Against Canyon Farm, LLC

### (Reformation, Breach of Good Faith and Fair Dealing, Specific Performance, and Frustration of Purpose)

37.

Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38.

As discussed, and documented with FCC, Easterday purchased the Dairy Property, acquired the Easement, and agreed to accept transfer and assignment of the Existing CAFO and pursue an application of a New CAFO pursuant to the terms of the OMA with the stated purpose of opening and operating a working dairy. Both FCC and Easterday entered into Easterday's purchase of the Dairy, the Easement and the Amended and Restated Easement with the understanding the obtaining the Future CAFO was possible, but they were both unaware a petition filed with the EPA could cause delayed processing of new CAFO applications while the state of Oregon and EPA determine how to address the petition. Additionally, FCC, collectively, have interfered with and frustrated Easterday's explicit goal, as evidenced by FCC's actions ("FCC's Wrongful Actions"), including:

a.    Upon information and belief, leasing the Farm Property to a third-party (Walther Farms and at least one subtenant) without making compliance

with the Existing CAFO, including the applicable provisions of the Clean Water

Act, a condition of such lease or sublease;

      b.    Refusing to provide necessary nutrient, irrigation, and crop

information required by the reporting provisions in the Existing CAFO, the Future

CAFO, and as explicitly called for under the Easement and Restated Easement;

      c.    Altering irrigation and nutrient systems without receiving

necessary approval from the Oregon Department of Agriculture;

      d.    Trespassing, and allowing their tenant and/or subtenant to

trespass on Easterday Dairy's property;

      e.    Allowing and/or directing excess irrigation thereby creating

"run off" which is prohibited under the Permit Documents;

      f.    Excavated trenches to collect "run off" water, which is not

permitted under the Permit Documents;

      g.    Attempting to restrict Easterday's access to the Farm Property;

      h.    Directing Fall Line's employees to surreptitiously photograph

confidential Easterday documents;

      i.    Upon information and belief, providing Easterday's

Confidential Financial Information to third-parties without Easterday's knowledge

and/or permission;

Page 20 – COMPLAINT FOR DECLARATORY
                JUDGMENT, QUIET TITLE AND
                DAMAGES

      j.      Recording invalid documents in the real property records of Morrow County, Oregon purporting to terminate Easterday's real property rights;

      k.      Instituting litigation to limit Easterday's rights under the Easement, the Amended and Restated Easement and other recorded documents;

      l.      Pumping excess run off water onto adjacent roads;

      m.      Sending default notices declaring defaults based on non-existent facts;

      n.      Refusing to allow mid-crop season soil testing (0-12 inches);

      o.      Failing to allow end of crop season soil testing (0-50 inches);

      p.      Planting new crops and fertilizing between crop seasons without first allowing soil testing;

      q.      Interfering with Easterday's access to the Farm Property; and

      r.      Failing to provide end of season crop samples for protein testing.

39.

As intended by FCC, the FCC's Wrongful Actions have had the desired consequence of delaying and impeding Easterday's procurement of the New CAFO.

55405-80200 4887-4303-9015.3

40.

Easterday is not guilty of gross negligence.

41.

FCC has breached their duty of good faith and fair dealing.

42.

As a result of the petition that precluded Easterday from obtaining a CAFO and FCC's Wrongful Actions, Easterday is entitled to reformation of the Loan Documents extending all deadlines therein by an amount to be proven at trial but not less than the delay caused by FCC's Wrongful Actions together with a judgment requiring FCC to perform its obligations, and refrain from prohibited activities, set forth in the Permit Documents.

## FOURTH CLAIM FOR RELIEF

### Against Canyon Farm II, LLC

### (Quiet Title/Declaratory Relief)

43.

Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

44.

By recording the Unauthorized termination, FCC has intentionally placed an inaccurate record into the real property records of Morrow County.

55405-80200 4887-4303-9015.3

45.

The Unauthorized Termination is a cloud on the real property rights of Easterday which owns the dominant estate in both the Easement and the Amended Easement. Easterday is entitled to a judgment declaring the Unauthorized Termination void and declaring Easterday's rights in the Easement and/or Amended Easement.

## FIFTH CLAIM FOR RELIEF

## Against Canyon Farm II, LLC

## (Slander of Title/Slander of Easement Right)

46.

Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47.

The Unauthorized Termination is a slander on the real property rights of Easterday which owns the dominant estate in both the Easement and the Amended and Restated Easement. Easterday is entitled to a judgment against Canyon Farm II in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

Page 23 – COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE AND DAMAGES

## SIXTH CLAIM FOR RELIEF

## Against All Defendants

## (Permanent Injunction and Mandatory Injunction)

48.

Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49.

FCC's intentional and willful actions including, the Easement Proceeding, attempts to terminate the appurtenant easement(s), attempts to create conditions of default that do not actually exist, failure to provide information required by the Existing CAFO Permit, and related documents, as well as the Wrongful Actions have injured Easterday and interfered with Easterday's ability to comply with the Permit Documents and Easterday's efforts to obtain the Future CAFO.

50.

FCC's conduct is inequitable and Easterday is entitled to a preliminary and permanent injunction requiring FCC, and each of them, to stop interference with Easterday's efforts to obtain the Future CAFO and requiring each of them, and their agents, to comply with the obligations and requirements of the Easement and/or the Amended and Restated Easement, including the related documents.  These obligations and requirements include:

55405-80200 4887-4303-9015.3

a.      Reporting requirements: Water flow volume shown by date, time, and duration each crop circle was irrigated through AgSense software; immediate notice of any changes or modifications to the irrigation, nutrient or other system on the Farm Property; daily reporting of nutrient application by crop circle and volume per crop circle; and immediate notice of any spills which occur on the Farm Parcel or the Dairy Parcel.

b.      Obtaining permission of Easterday prior to irrigation or nutrient application even at the detriment to in-ground crops.

c.      Allowing Easterday unfettered access to the Farm Property to apply wastewater and manure solids, install and maintain soil moisture probes and lysimeters; complete soil and water testing; complete visual inspection and repairs of all irrigation and nutrient systems; and all other requirements imposed by the Clean Water Act, ODA or DEQ.

d.      Installation of testing wells on the Farm Parcel.

e.      Cessation of trenching and other improper water management.

f.      Prohibiting FCC from proceeding with a non-judicial foreclosure for any non-monetary default until this litigation is resolved.

51.

FCC's Wrongful Actions have, and will continue to, cause actual harm to Easterday.

Page 25 –   COMPLAINT FOR DECLARATORY
            JUDGMENT, QUIET TITLE AND
            DAMAGES

52.

Easterday has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### Against All Defendants

### (Intentional Interference with Economic Relations)

53.

Plaintiff incorporates paragraphs 1 through 52 as though fully set forth herein.

54.

Easterday had actual or prospective economic opportunities with Canyon Farm II, LLC, Canyon Farm, LLC, and the state of Oregon.

55.

FCC intentionally interfered with Easterday's opportunities by, among other tactics, the Wrongful Conduct.

56.

As a result of FCC's interference, Easterday has been damaged by delayed issuance of the future CAFO, delayed full operation of the dairy, and increased costs of complying with the CAFO all resulting in actual damages of approximately $670,000 per month for the delays caused by FCC.

55405-80200 4887-4303-9015.3

## EIGHTH CLAIM FOR RELIEF

### Against Canyon Farm, LLC

### (Rescission of Dairy Parcel Purchase)

57.

Plaintiff incorporates paragraphs 1 through 56 as though fully set forth herein

58.

Canyon Farm knew and agreed the purpose of the PSA was to allow Easterday to ultimately obtain the Future CAFO and operate a live animal dairy. By participating in the Wrongful Actions Canyon Farm has frustrated the agreed purpose of the PSA.

59.

Easterday is entitled to a judgment of recission of the PSA, putting the parties back in the position they were in immediately prior to signing the PSA.

60.

Easterday has performed all conditions precedent or is otherwise excused.

61.

Easterday has paid Canyon Farm, LLC $10,541,560.94, pursuant to the PSA [and Loan Documents] and Easterday has spent not less than $1,000,000.00 and

not more than $4,000,000.00 in capital improvements, preservation, maintenance, and remediation costs.

62.

After an offset for reasonable rent, Easterday is entitled to a judgment rescinding the PSA and an award against Canyon Farm for the amounts paid under the PSA and costs of improving, maintaining and preserving the property, with the exact to be proven at trial, but not less than $10,541,560.94 and not to exceed $14,541,560.94.

WHEREFORE, Easterday prays for a judgment in favor of plaintiff and against defendants as follows:

1.    On its First Claim for Relief, judgment declaring the Amended and Restated Easement rescinded and reinstating the Easement;

2.    On its Second Claim for Relief, a money award against Fall Line and Canyon Farm II in an amount to be proven at trial, but not less than $8,700.00;

3.    On its Third Claim for Relief, judgment reforming the Promissory Note and Trust Deed waiving interest and principal payments during the delay caused by FCC's Wrongful Actions;

4.    On its Fourth Claim for Relief, judgment declaring the Unauthorized Termination void and affirming Easterday's Easement rights;

Page 28 – COMPLAINT FOR DECLARATORY
JUDGMENT, QUIET TITLE AND
DAMAGES

5.      On its Fifth Claim for Relief, a money award against Canyon Farm II in an amount to be proven at trial;

6.      On its Sixth Claim for Relief, judgment permanently enjoining FCC from interfering with Easterday's duties under the CAFO document and requiring FCC to perform its obligations as stated in the Easement;

7.      On its Seventh for Relief, a money award against all defendants, jointly and severally, of approximately $670,000 per month for the delays caused by FCC;

8.      In the alternative, on its Eighth Claim for Relief, judgment declaring the PSA rescinded, restoring title to the Dairy Parcel to Canyon Farm, and awarding Easterday the amounts paid under the PSA together with the amounts Easterday actually spent improving, maintaining and preserving the Dairy Parcel;

9.      For its costs and disbursements incurred herein; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 29 –  COMPLAINT FOR DECLARATORY
            JUDGMENT, QUIET TITLE AND
            DAMAGES

10.     Such other just and equitable relief deemed by the Court.

DATED this 8th day of July, 2022.

JORDAN RAMIS PC


By:  s/ Daniel L. Steinberg
     Russell D. Garrett, OSB #882111
     russell.garrett@jordanramis.com
     Daniel L. Steinberg, OSB #993690
     daniel.steinberg@jordanramis.com
     Christopher K. Dolan, OSB #922821
     chris.dolan@jordanramis.com
     Telephone: (541) 550-7900
     Facsimile: (503) 598-7373
     Attorneys for Plaintiff Easterday Dairy,
     LLC

55405-80200 4887-4303-9015.3