Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

David E. Suchar, *Pro Hac Vice*
david.suchar@maslon.com
Evan Nelson, *Pro Hac Vice*
evan.nelson@maslon.com
Jonathan Septer, *Pro Hac Vice*
jonathan.septer@maslon.com
MASLON LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:  612.672.8200

Attorneys for Defendants and Third-Party Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| EASTERDAY DAIRY, LLC, a Washington limited liability company, and COLE EASTERDAY, <br><br> Plaintiffs, <br><br> v. <br><br> FALL LINE CAPITAL, LLC a Delaware limited liability company; CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company, <br><br> Defendants. <br><br> and | Case No.: 2:22-cv-01000-HL <br><br> CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS <br><br> VIDEOCONFERENCE ORAL ARGUMENT: January 26, 2023, 9:00 a.m. PT |

Page 1   -   CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO
            EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL
            EDMONDS

118221180.1 0073708-00002

CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company,

Third-Party Plaintiffs,

v.

3C FARMS, LLC, an Oregon limited liability company; EASTERDAY FARMS PRODUCE, CO., a Washington corporation; 3E PROPERTIES, a Washington limited partnership; CODY A. EASTERDAY, an individual; CUTTER W. EASTERDAY, an individual; CLAY A. EASTERDAY, an individual; TRIPLE E FARMS LLC, a Washington limited liability company; and DIVERSIFIED FINANCIAL SERVICES, LLC, a Nebraska limited liability company,

Third-Party Defendants.

Defendants and Third-Party Plaintiffs Canyon Farm, LLC ("Canyon Farm") and Canyon Farm II, LLC ("Canyon Farm II") provide the following response to Plaintiff's Evidentiary Objections (ECF No. 128) to the Declaration of Joel Edmonds (ECF No. 112):

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| ¶11 "During the 2022 irrigation season, Canyon Farm II's tenant, Walther Farms grew irrigated crops (including potatoes, freezer vegetables, field corn, and sweet corn) on the Four Line Fields. All of those crops require irrigation water to grow. Canyon Farm II anticipates that during the 2023 irrigation season, Walther Farms or its tenant will grow crops on the | **1. Lack of Personal Knowledge**: "…"[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (FRE 602)<br><br>The witness is not an employee or agent of Walther Farms and the testimony offered is speculative. The statement should be stricken. | Mr. Edmonds has sufficient personal knowledge to testify to this matter. Personal knowledge can include "inferences and opinions, as long as they are grounded in personal observations and experience." *Glass v. Robinson*, CV-19-04883-PHX-ROS, 2022 WL 3009794, at *2 (D. Ariz. July 29, 2022) (quoting *United States v. Wirtz*, 357 F. Supp. 2d 1164, 1169 (D. Minn. 2005). |

Page 2   -   CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| In that capacity, he has sufficient personal knowledge to testify about what crops were grown on the Farm Parcel in the prior year and what crops will likely be grown on the Farm Parcel the 2023 irrigation season. | | Mr. Edmonds is the Regional Farm Manager for the asset manager of Canyon Farm and Canyon Farm II, and in that capacity manages Canyon Farm's obligations under its lease agreement for the Farm Parcel.  (Edmonds Decl. ¶ 1.) |
| ¶12 "I also know that Walther Farms and its subtenant already have contracts with their customers to purchase the crops that are to be grown on the Farm Parcel (including the Four Line Fields) during the 2023 irrigation season." | **1. Lack of Personal Knowledge**: "…"[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (FRE 602)<br><br>**2. Requirement of the Original:** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." (FRE 1002)<br><br>The witness has not demonstrated personal knowledge and appears to be relying on a writing(s)/document(s). The statement should be stricken. | As to personal knowledge, *see* response to objections to Edmonds Decl. ¶ 11, *supra*.  Mr. Edmonds has sufficient personal knowledge to testify as to basic facts about Walther Farms' operations.<br><br>FRE 1002 is inapplicable where the evidence at issue is testimony, rather than a document, as is the case here. *See* Adv. Comm. Notes, 1972 Proposed Rules ("an event may be proved by nondocumentary evidence, even though a written record of it was made.  If, however, the event is sought to be proved by the written record, the rule applies.  For example, payment may be proved without producing books of account in which they are entered.") |
| ¶15 "Absent a reliable supply of irrigation water, Walther Farms (or its subtenant) will not be able to grow the irrigated crops for which they have contracted on the Four Line Fields during the 2023 growing season." | **1. Lack of Personal Knowledge:** "…"[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (FRE 602)<br><br>**2. Requirement of the Original**: "An original writing, | As to personal knowledge, *see* response to objections to Edmonds Decl. ¶ 11, *supra*.  Mr. Edmonds has sufficient personal knowledge to testify about whether irrigation water is required to grow irrigated crops on the Farm Parcel.<br><br>As to FRE 1002, *see* response to objections to Edmonds Decl. |

118221180.1 0073708-00002

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." (FRE 1002)<br><br>The witness has not demonstrated personal knowledge and appears to be relying on a writing(s)/document(s). The statement should be stricken. | ¶ 12, *supra*.  FRE 1002 has no application to this testimony. |
| **¶16** "If Canyon Farm II cannot obtain timely and adequate delivery of water from the System for the 2023 growing season—or if Canyon Farm II cannot ensure that its tenant and subtenant can access water from the System for the 2023 growing season, that will cause Canyon Farm II to be in breach of its lease with Walther Farms, because that lease requires Canyon Farm II to ensure that Walther Farms (or its subtenant) can make reliable use of irrigation water for crop irrigation purposes." | **1.  Requirement of the Original:** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." (FRE 1002)<br><br>**2.  Hearsay:** Hearsay is not admissible unless any of the following provides otherwise:<br>• a federal statute;<br>• these rules; or<br>• other rules prescribed by the Supreme Court. (FRE 802) The witness is referring to the content of a writing(s)/document(s) (the phantom lease(s))without providing an original. The statement contains hearsay and no exception applies to the hearsay rule. The statement should be stricken. | As to FRE 1002, *see* response to objections to Edmonds Decl. ¶ 12, *supra*.  FRE 1002 has no application to this testimony.<br><br>As to hearsay (FRE 802), (1) hearsay is not inadmissible at the preliminary injunction stage. *Johnson v. Coturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("district court may . . . consider hearsay in deciding whether to issue a preliminary injunction."); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (same, based on urgency of preliminary injunction and need to prevent irreparable harm), and (2) Pursuant to Rule 801, a statement is not hearsay when it is offered for a permissible non-hearsay purpose (here, the knowledge or effect of Canyon Farm II). |
| **¶16** "It will also cause Canyon Farm II to lose payments due to it from Walther Farms for those inactive fields, including | **1.  Requirement of the Original:** "An original writing, recording, or photograph is required in order to prove its | As to FRE 1002, *see* response to objections to Edmonds Decl. ¶ 12, *supra*.  FRE 1002 has no application to this testimony. |

Page 4    -    CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| potentially for the whole 2023 irrigation season if crops cannot be timely planted during their normal planting months March and April (depending on crop and environmental conditions)." | content unless these rules or a federal statute provides otherwise." (FRE 1002) The witness is referring to the content of a writing(s)/document(s) without providing an original. The statement should be stricken. | |
| ¶16 "It will also cause harm to Canyon Farm II in the form of harm to its reputation as a landlord (because of Canyon Farm II's inability to provide a secure system that delivers water to its tenants), harm Canyon Farm II's business relationships with its tenant Walther Farms, and cause loss of goodwill." | **1. Lack of Personal Knowledge**: "…"[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (FRE 602)<br><br>**2. Opinion Testimony by Lay Witness**: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:<br>(a) rationally based on the witness's perception;<br>(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and<br>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (FRE 701)<br>The witness is not an employee or agent of Walther Farms. The material offered consists of opinion testimony from a lay witness that is speculative and will not assist in determining a fact in issue. The "reputation" of FCC, or any of them, as a landlord is not established. Upon information and belief, this is the only property owned | As to personal knowledge, *see* response to objections to Edmonds Decl. ¶ 11, *supra*. As the manager of the Farm Parcel, Mr. Edmonds has sufficient personal knowledge to testify about whether Canyon Farm II's inability to provide reliable water supply would harm Canyon Farm II's reputation (including, *e.g.*, the desirability of the Farm Parcel for lease by future tenants), business relationship, or cause loss of goodwill with its tenant.<br><br>As to FRE 701, Mr. Edmonds' opinion is both rationally based on his own perception, helpful to the Court in determining whether irreparable harm exists, and not based on any specialized knowledge that would require testimony under FRE 702. |

Page 5   -   CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | by CF II. The statement should be stricken. | |
| ¶17 "In the event that Easterday Dairy disconnects the portion of the System on the Dairy Parcel from the System as a whole, it is not reasonably feasible for Canyon Farm II to reroute the System so that it could provide water for irrigation to the Four Line Fields before the irrigation season begins in mid-March. To accomplish this, Canyon Farm II would need to obtain a new diversion point from the canal from the CID, construct a new pump station cistern built into the canal, and install a new pipeline to supply the Four Line Fields. This would include installation of new motors, motor controls, pumps, and pipes from Pump Station # 5 to supply the Four Line Fields. The motors currently located at Pump Station #4 would not be powerful enough to pump the water through the rerouted system. Therefore, to construct a new pump station, Canyon Farm II would need to purchase and install new motors and electrical components." | **1. Testimony by Expert Witness:** A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (FRE 702)<br><br>**2. Opinion Testimony by Lay Witness**: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (FRE 701)<br><br>The statement contains an opinion that requires technical, | As the Farm Manager for Canyon II, Mr. Edmonds has sufficient personal knowledge to offer testimony as to basic information of what would be required to reroute the System, including as to information about capabilities of System components and timing for obtaining and installing the same. That testimony is helpful for the Court to evaluate the irreparable harm and balance of hardship factors. This testimony is not the sort that requires the witness to be formally qualified as an expert under FRE 702. |

Page 6 - CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | scientific and specialized knowledge by a witness not qualified to testify as an expert. In the alternative, the reasons (i.e. foundation) for these conclusions is not provided. The statement should be stricken. | |
| ¶17 "Based on the research I have done to date and my understanding of the current state of the supply chain for required System components, I do not believe it would be possible to order and obtain these new motors and pumps and electrical components before the 2023 irrigation season commences in March. For example, I have confirmed that I cannot obtain soft starts and variable frequency drives—which are critical pieces of equipment to control the demand charges and speed of the pump motors and therefore to operate the motors correctly for irrigation purposes—until July 2023 at the earliest." | **1. Testimony by Expert Witness:** A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (FRE 702)<br><br>**2. Requirement of the Original:** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." (FRE 1002)<br><br>**3. Improper Summary of Content:** "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, | As to FRE 702, 701, *see* response to objections to Edmonds Decl. ¶ 17, *supra*. Mr. Edmonds has sufficient foundation (including as reflected within the statement objected to) to state his opinion.<br><br>As to FRE 1002, *see* response to objections to Edmonds Decl. ¶ 12, *supra*. FRE 1002 has no application to this testimony.<br><br>For similar reasons, FRE 1006 has no application to this testimony—there is no "voluminous writings, recordings, or photographs" being summarized. |

Page 7  -  CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." (FRE 1006)<br><br>The witness is referring to the content of a writing(s)/document(s) without providing an original and/or the statement contains an opinion that requires technical, scientific and specialized knowledge by a witness not qualified to testify as an expert.<br><br>The statement summarizes documents/writings that have not been shown to be admissible or accurate and were not made available to Plaintiffs previously. The statement should be stricken. | |
| ¶18 "The current cistern at Pump Station #5 is not large enough to handle the water capacity to irrigate the Four Line and the Five Line from a new pump station. To move the equipment from Pump Station #4 to Pump Station #5, Canyon Farm II would need to cut into the side of the CID canal and install a new cistern at or near Pump Station #5." | **1. Testimony by Expert Witness:** A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:<br>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;<br>(b) the testimony is based on sufficient facts or data; | As to FRE 702, 701, *see* response to objections to Edmonds Decl. ¶ 17, *supra.* Mr. Edmonds has sufficient foundation (including as reflected within the statement objected to) to identify basic facts about what would be required to install a new pump station in the CID canal. |

Page 8   -   CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (FRE 702) **2. Opinion Testimony by Lay Witness**: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (FRE 701)<br><br>The statement contains an opinion that requires technical, scientific and specialized knowledge by a witness not qualified to testify as an expert. The statement should be stricken. | |
| **¶18** "The CID Board will only allow for installation of the new cistern to occur when the CID canal is not filled with water, i.e., before mid-March or after October 31." | **1. Hearsay:** Hearsay is not admissible unless any of the following provides otherwise: • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. (FRE 802) The statement contains hearsay and no exception applies to the hearsay rule. The statement should be stricken. | There is no hearsay statement in the testimony: Mr. Edmonds is testifying as to his knowledge of the practice of the CID Board. In any event, hearsay is admissible at the preliminary injunction stage. *See* response to objections to Edmonds Decl. ¶ 16. |

Page 9  -  CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

118221180.1 0073708-00002

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| **¶19** "In summary, there is no practical way that the rerouting of irrigation water supplied by use of Pump Station #4 could be completed before the 2023 irrigation season. To do so, we would also have to dig up existing winter cover crops to install the new pipeline, which would negatively impact the production and development of the primary crops farmed on the Farm Parcel in those specific areas, and potentially also allow for erosion drift off of the fields during the winter." | **1. Testimony by Expert Witness:** A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (FRE 702) <br><br> **2. Opinion Testimony by Lay Witness**: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (FRE 701) <br><br> The statement contains an opinion that requires technical, scientific and specialized knowledge by a witness not qualified to testify as an expert. | As to FRE 702, 701, *see* response to objections to Edmonds Decl. ¶ 17, *supra*. Mr. Edmonds has sufficient foundation to state his opinions. |

118221180.1 0073708-00002

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | The statement should be stricken. | |
| **¶20** "In addition, the above work would require significant financial investment by Canyon Farm II. I have made a rough estimate of what it would cost to obtain a new diversion point from the canal from the CID, construct a new pump station and install a new pipeline to supply the Four Line Fields. Based on a preliminary design based on estimated water flow requirements, my preliminary estimate of the cost to complete that work (including excavation, construction, and electrical work required) is between $4 million and $5 million." | **1. Testimony by Expert Witness:** A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (FRE 702)<br><br>**2. Opinion Testimony by Lay Witness:** "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (FRE 701) The statement contains an opinion that requires technical, scientific and specialized | As to FRE 702, 701, *see* response to objections to Edmonds Decl. ¶ 17, *supra*. Mr. Edmonds has sufficient foundation to provide a preliminary estimate of the $4-$5 million costs required to reroute the System in the event that Easterday is not restrained from interfering with the existing System. |

Page 11  -  CANYON FARM, LLC AND CANYON FARM II, LLC'S RESPONSE TO EASTERDAY DAIRY, LLC'S OBJECTIONS TO DECLARATION OF JOEL EDMONDS

| Material Objected to: | Easterday's Objection: | Response: |
|---|---|---|
| | knowledge by a witness not qualified to testify as an expert. The statement should be stricken. | |

DATED:  January 25, 2023.

STOEL RIVES LLP

/s/ Crystal S. Chase
AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
CRYSTAL S. CHASE, OSB No. 093104
crystal.chase@stoel.com
Telephone:  503.224.3380

and

MASLON LLP
David E. Suchar, *pro hac vice*
david.suchar@maslon.com
Evan Nelson, *pro hac vice*
evan.nelson@maslon.com
Jonathan Septer, *pro hac vice*
jonathan.septer@maslon.com
Telephone:  612.672.8200

Attorneys for Defendants and Third-Party
   Plaintiffs

118221180.1 0073708-00002