UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

EASTERDAY DAIRY, LLC, a Washington limited liability company, and COLE EASTERDAY,

Plaintiffs,

v.

FALL LINE CAPITAL, LLC a Delaware limited liability company; CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company,

Defendants.

and

CANYON FARM, LLC, a Delaware limited liability company; and CANYON FARM II, LLC, a Delaware limited liability company,

Third-Party Plaintiffs,

v.

3C FARMS, LLC, an Oregon limited liability company; EASTERDAY FARMS PRODUCE, CO., a Washington corporation; 3E PROPERTIES, a Washington limited partnership; CODY A. EASTERDAY, an individual; CUTTER W. EASTERDAY, an individual; CLAY A. EASTERDAY, an individual; TRIPLE E FARMS LLC, a Washington limited liability company; and

Case No. 2:22-cv-01000-HL

**STIPULATED ESI PROTOCOL**

Page 1 –   STIPULATED ESI PROTOCOL

118231993.1 0073708-00002

DIVERSIFIED FINANCIAL SERVICES, LLC,
a Nebraska limited liability company,

             Third-Party Defendants.

The parties hereby stipulate to the Electronically Stored Information ("ESI") Protocol

attached as Exhibit A.

    So stipulated:

**Jordan Ramis PC**                                         **Stoel Rives LLP**

_s/ Daniel L. Steinberg_                                       _s/ Crystal S. Chase_
Russell D. Garrett, OSB #882111              Amy Edwards, OSB #012492
Daniel L. Steinberg, OSB #993690          Crystal Chase, OSB #093104
Christopher K. Dolan, OSB #922821        _Attorneys for Defendants and_
_Attorneys for Plaintiffs_                               _Third-Party Plaintiffs_

**Maslon LLP**                                              **Tonkon Torp LLP**

_s/ Evan A. Nelson_                                          _s/ Michael Willes_
David E. Suchar (Pro Hac Vice)              Michael Willes, OSB #141806
Jonathan Septer (Pro Hac Vice)             _Attorneys for Third-Party_
Evan A. Nelson (Pro Hac Vice)              _Defendants 3E Properties and_
_Attorneys for Defendants and_                 _Easterday Farms Produce, Co._
_Third-Party Plaintiffs_

 

                                         **Sussman Shank**

                                         _s/Steven F. Cade_
                                         Jeffrey C. Misley, OSB #850674
                                         Steven F. Cade, OSB #106466
                                         _Attorneys for Third-Party Defendants_
                                         _Clay A. Easterday, Cutter W. Easterday,_
                                         _and Cody A. Easterday_

Page 2 –    STIPULATED ESI PROTOCOL

**EXHIBIT A – ESI PROTOCOLS**

**Electronically Stored Information ("E.S.I.") Discovery Procedures**

1.      Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. Without waiving any objections, the parties shall continue to cooperate in revising the search methodology, as appropriate.

2.      Format.

a.      E.S.I. will be produced to the requesting party with searchable text, in machine-readable Portable Document Format (*i.e.*, .pdf) that complies with then-current and usable versions of .pdf readers and, when specified, native format. All productions shall include a load file compatible with the current versions of Relativity, CS Disco, and Everlaw, and will include companion extracted text file with each produced document.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, library, chat, and drawing files, will be produced in native format.

c.      Each document image file shall be identified in serial fashion with a unique prefix and number (i.e., Bates Number). File names should not be more than twenty characters long or contain spaces. If a document has been designated "Confidential" or "Attorneys' Eyes Only," the producing party shall append the designation "_CONFIDENTIAL" or "_AEO", respectively, to the file name. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying E.S.I., *i.e.*, the original formatting,

Page 3 –      STIPULATED ESI PROTOCOL – EXHIBIT A

the metadata (as noted below) and, where applicable, the revision history, including, without limitation, tracked changes.

d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

3.      De-duplication. The parties may de-duplicate their E.S.I. production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

4.      Email Threading.  The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. No document family may be withheld under this threading protocol, even when child documents are duplicative of prior child documents in an email thread. Upon reasonable request, the producing party will produce a less inclusive copy.

5.      Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, date and time sent, date and time last modified, and date and time received; conversation participants, date, and time; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

Page 4 –      STIPULATED ESI PROTOCOL – EXHIBIT A

118231993.1 0073708-00002

6.     <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using O.C.R. technology with a minimum resolution of 600 dpi, made machine-readable, and be produced with ASCII text files (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable E.S.I.). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). If a document has been designated "Confidential" or "Attorneys' Eyes Only," the producing party shall append "_CONFIDENTIAL" or "_AEO", respectively, to the file name.

**B.     Preservation of E.S.I.**

The parties acknowledge that they have a common law obligation, as expressed in Rule 37(e) of the Federal Rules of Civil Procedure, to take appropriate steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of E.S.I., the parties further agree that, absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable E.S.I. in their possession, custody, or control.

Page 5 –     STIPULATED ESI PROTOCOL – EXHIBIT A

### C.    Privilege

1.    A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For E.S.I., the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

2.    Redactions need not be logged so long as the basis for the redaction and all relevant information (such as sender, recipient, subject, and date) is clear on the redacted document.

3.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Rules 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure.

5.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to

Page 6 –    STIPULATED ESI PROTOCOL – EXHIBIT A

118231993.1 0073708-00002

those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

Page 7 –        STIPULATED ESI PROTOCOL – EXHIBIT A